**WO**                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terry Lee Lacy, | ) | No. CV 06-1976-PHX-SMM (VAM) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Tara L. Diaz, et al., | ) | |
| Respondents. | ) | |

Petitioner Terry Lee Lacy, confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. The Court will order an answer to the Petition.

**I. Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00. See LRCiv 3.5(b) (excess of $25.00 requires payment of the filing fee). Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.

**II. Petition**

Named as Respondent in the Petition is Tara L. Diaz, Deputy Warden. The Attorney General of the State of Arizona is named as an Additional Respondent.

In his Petition, Petitioner challenges his January 9, 2004 judgment of conviction for

**TERMPSREF**

1  Burglary in the Second Degree entered in the Maricopa County Superior Court in matter CR
2  2003-011737-001DT.
3      Petitioner presents two grounds in support of his request for habeas relief:
4      (1) Petitioner's Sixth Amendment rights were violated when his defense counsel
5  failed to investigate his Mental Health History and when he was not given his psychotropic
6  medication until after he signed his "Staff Offered" plea;
7      (2) Petitioner's Fourteenth Amendment rights were violated when the sentencing
8  judge failed to answer Plaintiff's request for assistance in getting the county jail facility to
9  administer medications to treat his serious mental illness.
10     Petitioner alleges that the issues raised in both grounds were presented to the Arizona
11 State Supreme Court. A review of the Petition indicates that an answer is required. 28
12 U.S.C. § 2254(a).

13 **III. Warnings**

14    **A. Address Changes**

15    Petitioner must file and serve a notice of a change of address 10 days before the move
16 is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for
17 other relief with a notice of change of address. Failure to comply may result in dismissal.

18    **B. Copies**

19    Petitioner must serve Respondents, or counsel if an appearance has been entered, a
20 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied
21 by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,
22 Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4.
23 Failure to comply may result in the filing being stricken without further notice to Petitioner.

24    **C. Possible Dismissal**

25    If Petitioner fails to timely comply with every provision of this Order, including these
26 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
27 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
28 comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition, is **granted**.

(2) The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents **must answer** the Petition within 40 days of the date of service. Respondent may not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1679 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner **may file** a reply within 30 days from the date of service of the answer.

(5) This matter is **referred** to Magistrate Judge Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 31st day of August, 2006.

_____
Stephen M. McNamee
United States District Judge