WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Lacy,<br><br>       Petitioner,<br><br>       v.<br><br>Deputy Warden Tara L. Diaz,<br>the State of Arizona,<br><br>       Respondents. | No. Civ. 06-1976-PHX-SMM (VAM)<br><br>ORDER |

Pending before the Court are Petitioner's first and second motions for appointment of counsel. (Docs. 5, 10). For the reasons that follow, the Court will deny both motions.

Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). The Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Before appointment of counsel in a habeas proceeding will be appropriate, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d at 954; see also Duckett v. Godinez, 67 F.3d 734, 750 n. 8 (9th

Cir. 1995).

Petitioner asserts that he needs assistance because he is incarcerated, lacks the ability to conduct investigations, and "has mental health issues." (Doc. 5 at 2, Doc. 10 at 2). Petitioner further alleges that he cannot afford to hire a private attorney and does not have an adequate understanding of the law. (Id.).

Review of Petitioner's Petition and Respondents' Answer shows that Petitioner's case is not particularly complex. Nor has Petitioner shown a likelihood of success on the merits of his claims. Although Petitioner is proceeding pro se, he has articulated his claims with reasonable clarity. Further, although Petitioner asserts that he has "mental health issues," he has not substantiated his claim of mental impairment. The Court does not believe Petitioner has satisfied the requirements for appointment of counsel under 18 U.S.C. § 3006A. See also Weygandt, 718 F.2d at 954; Duckett, 67 F.3d at 750 n. 8; Chaney, 801 F.2d at 1196. Therefore, Petitioner's first and second motions for appointment of counsel will be denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's first Motion for Appointment of Counsel (Doc. 5) is denied without prejudice;

**IT IS FURTHER ORDERED** that petitioner's second Motion for Appointment of Counsel (Doc. 10) is denied without prejudice.

DATED this 8th day of December, 2006.

VIRGINIA A. MATHIS
U.S. Magistrate Judge