**WO**                                                                                                         BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terry Lee Lacy, | ) | No. CV 06-1976-PHX-SMM (MHB) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Tara L. Diaz, et al., | ) | |
| Respondents. | ) | |

Petitioner filed a 28 U.S.C. § 2254 petition challenging his conviction and sentence of 6.5 years imposed for burglary in the second degree (Doc. #1). Petitioner seeks an order requiring the Arizona Department of Corrections and the prison paralegal to "stop hindering and delaying" his attempts to prosecute the instant petition (Doc. #16). Petitioner alleges that he must obtain approval from the prison paralegal before he can get copies of pleadings, and that the paralegal delays making copies while she is determining the admissibility of the requested copies (id.).

First, Petitioner is seeking an order against non-parties. Injunctive or restraining orders are "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order." Fed.R.Civ.P. 65(d). Therefore, Petitioner is seeking relief which he cannot obtain.

Second, in order to obtain an order, Petitioner must demonstrate a significant threat of immediate irreparable injury. Midgett v. Tri-County Metropolitan Transp. Dist. of

Oregon, 254 F.3d 846, 850 (9th Cir. 2001); AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).  Petitioner has not demonstrated that any "delay or hindrance" has caused his inability to prosecute the instant petition or is a significant threat to his ability to prosecute the instant petition.

Finally, the Court will not issue an order allowing Petitioner unfettered access to copies of all of Petitioners evidence.  Petitioner must inform the Court of the contents of the copies he seeks, demonstrate that the copies are material to the instant action, and establish that he is unable to obtain the copies without a court order.  Therefore, Petitioner's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Court Order, Ordering ADOC and Contracted Paralegals to Copy all Petitioner's Relevant Evidence (Doc. #16) is **DENIED.**

DATED this 1st day of June, 2007.

_____
Stephen M. McNamee
United States District Judge