**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Lacy, | ) CIV 06-1976-PHX-SMM (MHB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Tara L. Diaz, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

On August 15, 2006, Petitioner Terry Lee Lacy filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) in which he challenges his January 9, 2004 conviction for Burglary in the Second Degree. Respondents filed an Answer (Doc. #12) on December 18, 2006, and Petitioner filed his opposition to Respondents' Answer (Doc. #15) on January 8, 2007.

On April 15, 2003, Petitioner unlawfully entered a residential structure in Phoenix, Arizona, and took items without the owner's consent. (Doc. #12, Exh. B at 10–11.) On July 21, 2003, Petitioner entered, and the trial court accepted, a guilty plea to one count of Burglary in the Second Degree with one historical prior felony conviction, which agreement provided for a stipulated presumptive sentence of 6.5 years' imprisonment. (Doc. #12, Exh. A at 32-33; Exh. B at 7-12.) On January 9, 2004, consistent with the plea agreement, the trial

court sentenced Petitioner to the stipulated term of 6.5 years' imprisonment. (Doc. #12, Exh. A at 52-54.)

In January 2004, Petitioner filed a *pro se* pleading entitled "Petition for Writ of Habeas Corpus on Re-Sentencing," in which he claimed that his sentencing counsel, Christopher Flores, rendered ineffective assistance at sentencing when he did not "elaborate" on Petitioner's mental health and substance abuse history. (Doc. #12, Exh. C.) The trial court construed Petitioner's pleading as a *pro se* notice of post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure, and appointed Lori Voepel to represent Petitioner in that proceeding. (Doc. #12, Exh. A at 65.)

On September 15, 2004, counsel submitted a "Notice of Completion of Review and Motion for Leave to Allow Petitioner to File a Supplemental Petition *In Propria Persona*," advising the trial court that she had reviewed the record and "thoroughly investigated" Petitioner's potential claims, but "found no colorable claims or errors to present in a Rule 32 Petition." (Doc. #12, Exh. D at 88.) Finding "no colorable claims or errors to present," counsel then filed a "Motion to Withdraw as Counsel of Record but to Remain as Advisory Counsel" (Doc. #12, Exh. D at 89), which the court subsequently granted.

On December 6, 2004, Petitioner filed a *pro se* Petition for Post-Conviction Relief raising one claim of ineffective assistance of counsel. (Doc. #12, Exh. E.) Specifically, Petitioner asserted that Hector Diaz – Petitioner's first appointed counsel – gave him "misleading advise" concerning the plea agreement because, according to Petitioner, the structures he burglarized were new, unoccupied dwellings not suitable for human habitation because they had no electricity. (Doc. #12, Exh. E.) Petitioner insisted that the dwellings were not "residential structures," so therefore he could not have been guilty of burglary in the second degree under Arizona law. (Doc. #12, Exh. E.) The State responded that Petitioner's ineffective assistance of counsel claim was meritless because, under Arizona law, the structures that Petitioner burglarized were "residential structures." (Doc. #12, Exh. F.) On February 11, 2005, the trial court issued its minute entry order dismissing the Petition

1  upon finding that Petitioner had "failed to raise a colorable claim for post-conviction relief."
2  (Doc. #12, Exh. G.)

3 On March 25, 2005, Petitioner filed a *pro se* Petition for Review of the trial court's
4 February 11, 2005 order dismissing his Petition for Post-Conviction Relief in the Arizona
5 Court of Appeals. (Doc. #12, Exh. H.) In the Petition for Review, Petitioner claimed for the
6 first time that "defense counsel failed to investigate and produce or present substan[t]ial
7 mitigating evidence, defendant also claim[s] that defense counsel mislead [sic] the defendant
8 into signing a plea that was unintelligent, [i]nvoluntary due to the fact that the defendant has
9 mental health issues [] [a]nd was not in his right state of mind during the signing of the plea"
10 because he had not received his "psych[o]tropic medication for his mental health problem
11 of paranoid schizophrenia." (Doc. #12, Exh. H at 2, 4.) In its response, the State argued that
12 Petitioner had abandoned the claim that he had raised in the post-conviction relief
13 proceedings in the trial court and was attempting to raise, for the first time in his Petition for
14 Review, new and different claims stemming from his allegation that he was mentally
15 incompetent at the time he pled guilty. (Doc. #12, Exh. I.) On November 15, 2005, the
16 Arizona Court of Appeals denied review without comment. (Doc. #12, Exh. J.)

17 While his Petition for Review was pending before the Arizona Court of Appeals,
18 however, Petitioner filed a second Petition for Post-Conviction Relief in the trial court on
19 August 1, 2005, claiming, among other things, that Mr. Diaz and Mr. Flores rendered
20 ineffective assistance by failing to investigate his mental health history; that the trial court
21 violated his due process rights by failing to order a "full competency hearing"; and that his
22 plea was involuntary due to his mental health issues. (Doc. #12, Exh. K.) On August 9,
23 2005, the trial court dismissed Petitioner's second Petition, finding that Petitioner was
24 "precluded from relief pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure,
25 because these claims either were or should have been raised in the first Rule 32 proceedings."

(Doc. #12, Exh. L.)[1] Petitioner failed to seek review of the trial court's dismissal of his second Petition in the Arizona Court of Appeals.

Instead, on March 10, 2006, Petitioner filed a Petition for Review in the Arizona Supreme Court, from which it appears he was attempting to seek review of the dismissal of his first *and* second Petitions for Post-Conviction Relief. (Doc. #12, Exh. M.) In the caption of that pleading, Petitioner listed the Arizona Court of Appeals' number (1 CA–CR 05–0348 PRPC) associated with his first Petition for Review, and in the second paragraph of that pleading, Petitioner specifically refers to the Arizona Court of Appeals' November 15, 2005 order denying his first Petition for Review. Moreover, in the first paragraph of that document, Petitioner indicated that he was requesting the Arizona Supreme Court to review the Arizona Court of Appeals' decision entered "August 8th, 2005," and he attached, as Exhibit 10, a copy of the trial court's August 9, 2005 minute entry order dismissing his second Petition for Post-Conviction Relief. (Doc. #12, Exh. M.) In the body of that pleading, Petitioner alleged that all of his attorneys were ineffective for failing to address his mental condition, that his plea was involuntary, and that the "sentencing judge" violated his "due process protection." (Doc. #12, Exh. M.) On June 27, 2006, the Arizona Supreme Court denied review without comment. (Doc. #12, Exh. N.)

On August 15, 2006, Petitioner filed his federal habeas petition in which he alleges the following claims:

> • Ground I – Violation of his Sixth Amendment rights when his defense counsel failed to investigate his mental health history and when he was not given his psychotropic medication until he signed his "Staff Offered" plea;

---

[1] The trial court's minute entry erroneously referred to January 9, 2004, as the date on which it dismissed Petitioner's first "Rule 32 of-right proceeding," which was in fact the date on which Petitioner was sentenced. (Doc. #12, Exh. L; Exh. A at 52-54.) Petitioner's first Petition for Post-Conviction Relief was dismissed on February 11, 2005. (Doc. #12, Exh. G.) The trial court's error had no impact on its conclusion that Petitioner was precluded from relief pursuant to Rule 32.2(a), which precludes relief on any claim that has been "waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3).

- 4 -

1  • Ground II – Violation of his Fourteenth Amendment rights when the sentencing judge failed to answer his request for assistance in getting the county jail facility to administer medications to treat his serious mental illness.

(Doc. #1 at 5-6.)  Petitioner alleges that the issues raised in both grounds were presented to the Arizona Supreme Court.  (Doc. #1 at 5-6.)

**DISCUSSION**

In their Answer, Respondents contend that the claims presented in Petitioner's habeas petition are procedurally defaulted.  Respondents argue that because Petitioner cannot establish the requisite objective cause and prejudice, he is not entitled to federal habeas review of these procedurally defaulted claims.

**A.   Exhaustion and Procedural Default**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court.  See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  See O'Sullivan v. Boerckel, 526 U.S. 838, 839-846 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).  A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  See Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001); Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).  The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims.  See Roettgen, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner.  See Harris

1 v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring); Rose v. Lundy, 455 U.S. 509, 519-20 (1982). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. See id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); White v. Lewis, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986); United States v. Frady, 456 U.S. 152, 167-68 (1982); Wainwright v. Sykes, 433 U.S. 72, 86 (1977).

Further, a procedural default may also occur when a petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. See Coleman, 501 U.S. at 729-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. See Stewart v. Smith, 536 U.S. 856, 860 (2002); Coleman, 501 U.S. at 729-32. A state's application of the bar is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. See Coleman, 501 U.S. at 749-50.

**B.    Application of Law to Petitioner's Claims**

1  A review of Petitioner's first and second Petitions for Post-Conviction Relief, Petition for Review to the Arizona Court of Appeals, and Petition for Review to the Arizona Supreme Court reveals that Petitioner's claims are procedurally defaulted.

As the Court has previously noted, in Ground I, Petitioner asserts a violation of his Sixth Amendment rights when his defense counsel, Mr. Diaz, failed to investigate his mental health history and when he was not given his psychotropic medication until he signed his "Staff Offered" plea. (Doc. #1 at 5.) In Ground II, Petitioner alleges a violation of his Fourteenth Amendment rights when the sentencing judge failed to answer his request for assistance in getting the county jail facility to administer medications to treat his serious mental illness. (Doc. #1 at 6.)

Petitioner failed to raise either of these claims in his first Petition for Post-Conviction Relief (Doc. #12, Exh. E), so he was not entitled to include new and different claims stemming from his allegation that he was mentally incompetent at the time he pled guilty in his Petition for Review by the Arizona Court of Appeals. Moreover, although Petitioner presented both claims asserted in Grounds I and II of his habeas petition in his second Petition for Post-Conviction Relief (Doc. #12, Exh. K), he did so in a procedurally impermissible manner. The trial court dismissed the second Petition finding that the claims presented were precluded from relief pursuant to Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure, "because these claims either were or should have been raised in the first Rule 32 proceedings." (Doc. #12, Exh. L.) After the trial court dismissed his second Petition, Petitioner failed to file a Petition for Review in the Arizona Court of Appeals and, instead, sought review in the Arizona Supreme Court – where Petitioner's Petition for Review was denied without comment.

The Arizona Supreme Court's summary denial must be deemed to be on the same basis as the trial court – that Petitioner was precluded from relief pursuant to Rule 32.2(a)(3), Arizona Rules of Criminal Procedure. See Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991) (to determine whether a state procedural ruling bars federal review, the habeas court must

look to the "last reasoned opinion on the claim"). Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure constitutes an independent and adequate state ground justifying a procedural default. See Stewart, 536 U.S. at 860. Thus, Grounds I and II of Petitioner's habeas petition are procedurally defaulted barring federal habeas review, absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 749-50.

Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and the Petitioner's mental condition do not constitute legally cognizable "cause" for Petitioner's failure to fairly present his claims.

Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96. Here, Petitioner pleaded guilty and has not claimed actual innocence in his habeas petition.

Accordingly, Petitioner has not established cause for his failure to fairly present his claims in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if these issues are not addressed. Thus, Petitioner's claims presented in Grounds I and II of the instant habeas petition are procedurally defaulted. As such, the Court will recommend that these claims be denied.

## CONCLUSION

Having determined that Petitioner's claims are procedurally defaulted, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 18th day of September, 2007.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge